UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALBERT J. HINES, )<br>)<br>     Plaintiff, )<br>)<br>v. )<br>)<br>WORCESTER COUNTY HOUSE OF )<br>CORRECTION, )<br>)<br>     Defendant. ) | C.A. No. 05-40160-FDS |

### MEMORANDUM

For the reasons stated below, the Court determines that the complaint is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2).

### BACKGROUND

On September, 12, 2005, plaintiff Albert Hines, a prisoner now confined to the Worcester County House of Correction, submitted for filing his self-prepared civil rights complaint alleging that on March 11, 2005, he discovered in his food "an inch and a half green molded "nail." Although plaintiff does not allege any physical injuries, he alleges that the incident caused him "fear of eating anything else in the chow hall" and seeks monetary damages in the amount of $250,000.00.

### REVIEW

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"). Pub.L. No. 104-134, 110 Stat. 1321 (1996). Among the changes effected by the PLRA is the requirement that a district court dismiss a complaint filed by a prisoner in forma pauperis

"at any time," if the court determines that it lacks an arguable basis in law or fact, seeks relief against a defendant who is immune from liability or fails to state a claim. 28 U.S.C. § 1915(e)(2)(b). All prisoner actions directed against a governmental entity or officer also must be screened on these same bases at the earliest practicable time, regardless of whether or not the prisoner litigant has paid the filing fee. 28 U.S.C. § 1915A. Similarly, prisoner complaints based on prison conditions must also be screened. 42 U.S.C. § 1997e(c)(1), (2).

## DISCUSSION

Plaintiff's pro se complaint is entitled to a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972); accord Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). Here, plaintiff does not state the jurisdictional basis for his complaint. It appears plaintiff may be seeking to assert a civil rights claim pursuant to 42 U.S.C. § 1983 or a negligence claim under state law.

In order to state a Section 1983 claim a plaintiff must allege (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 998 (1st Cir. 1992).

Here, plaintiff names only the Worcester County House of Correction as a defendant. To the extent that plaintiff's Section 1983 claim against defendant Worcester County House of Correction is premised on a theory of supervisory liability for the actions of it's employees, plaintiff's claims are subject to dismissal because <u>respondeat</u> <u>superior</u> is not a valid theory of liability under Section 1983. Liability under Section 1983 is direct, not vicarious, and can only be imposed upon officials who were involved personally in the alleged deprivation of constitutional rights. <u>Pinto v. Nettleship</u>, 737 F.2d 130, 132 (1st Cir. 1984) (no <u>respondeat</u> <u>superior</u> liability under § 1983); <u>Guzman v. City of Cranston</u>, 812 F.2d 24, 26 (1st Cir. 1987) (supervisory officials cannot be held liable solely on the basis of their employer-employee relationship with a tortfeasor).

Moreover, it is well-established that a state[1] is not amenable to suit under 42 U.S.C. § 1983 because a state is not a "person" within the meaning of that statute. <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). Because the Worcester County House of Correction is considered an arm of the State, it is immune from federal suit under the Eleventh Amendment to the United States

---

[1] The Court notes that on July 1, 1998, the government of Worcester County was abolished. <u>See</u> M.G.L. ch. 34B, §§ 1 et seq. Thus, the suit against the Worcester County House of Correction is a suit against the Commonwealth for monetary damages.

3

Constitution. See Will v. Michigan Department of State Police, 491 U.S. 58, 66 (1989); Forte v. Sullivan, 935 F.2d 1 n. 2 (1st Cir. 1991). Therefore, plaintiff's claim against the Worcester County House of Correction is subject to dismissal.

Even if plaintiff named a proper defendant to a civil rights lawsuit, the complaint nonetheless fails to state an Eighth Amendment claim and is subject to dismissal. "[O]ccasional incidents of a foreign object contained in food, while regrettable, does not present a question of constitutional proportion." Lunsford v. Reynolds, 376 F.Supp. 526, 528 (W.D. Va. 1974); see also, Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985), cert. denied, 475 U.S. 1096 (1986) (that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation); Kennibrew v. Russell, 578 F.Supp. 164, 168 (E.D. Tenn. 1983) (occasional presence of roaches and hair in the food).

Finally, to the extent plaintiff seeks to bring a negligence claim against the defendant, rather than a civil rights claim, plaintiff is foreclosed from raising such a claim in federal court since negligence is a state court tort claim. Daniels v. Williams, 474 U.S. 327, 330-31 (1986) (mere negligence on the part of state officials is not actionable under § 1983). In the absence of any federal basis for plaintiff's suit, the court

declines to exercise supplemental jurisdiction over the negligence claim, if it is actionable at all. See 28 U.S.C. § 1367(C)(3).

## CONCLUSION

Because the Court finds no arguable legal basis for plaintiff's claims against the defendant, the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2) and 1915A without further notice after forty-two (42) days from the date of the accompanying Order, unless before that time plaintiff shows good cause, in writing, why the Complaint should not be dismissed for the reasons stated above.

9/28/05
DATE

F. DENNIS SAYLOR IV
UNITED STATES DISTRICT JUDGE